EDWARD ARMITAGE *v.* E. F. BISHOP, Administrator of the Estate of David Center, deceased.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

SUBMITTED MARCH 12, 1902. ·        DECIDED MARCH 26, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

When in an action of assumpsit the plaintiff is entitled, upon admissions contained in the answer, to judgment for a certain portion of the amount claimed, it is error to grant a motion for a non-suit.

OPINION OF THE COURT BY PERRY, J.

Assumpsit for $472.50 for professional services rendered by the plaintiff, a duly licensed physician and surgeon, for the decedent during his last illness. One of the exceptions is to the granting, by the judge presiding at the trial, of defendant's motion for a non-suit, the motion and the ruling being based upon an alleged failure of proof of the rendition and value of the services.

In our opinion, the ruling excepted to was erroneous. Upon the defendant's own answer, the plaintiff was entitled to judgment. The main allegations of the declaration are the following, contained in paragraph 5:

"That the above named defendant, E. F. Bishop, as administrator of the estate of David Center, deceased, is indebted to the above named plaintiff in the sum of four hundred and seventy-two and 50-100 dollars ($472.50), upon an account for the services of plaintiff rendered as physician and surgeon for the said David Center, deceased, during his life time, and at his request and upon the promise of the said David Center to pay so much as such services were reasonably worth, between the first day of November, 1900, and the second day of January, 1901, bill of

particulars of said account being annexed hereto and made a part of this bill of complaint, and that such services so rendered as aforesaid were reasonably worth the sum of four hundred and seventy-two and 50-100 dollars, and that the said claim is just, due and wholly unpaid."

Attached to the declaration is an itemized account for "medical services" rendered on twenty-eight different days commencing with November 1, 1900, and ending with January 2, 1902. These items are, one of $1.00, one of $3.50, eleven of $9.00 each, six of $10.00 each, one of $11.00, one of $12.00, one of $15.00, one of $21.00 and five, being for December 29, 1901, to January 2, 1902, inclusive, of $50.00 each. The defendant in his answer, after admitting the truth of all the other allegations of the declaration but one,—the truth of that one was proven at the trial by undisputed evidence—says:

"That he acknowledges that proper compensation is due to the said plaintiff for professional services rendered to the late David Center during his late illness but that this defendant as administrator does not feel warranted or justified in paying the account as appended to said complaint, alleging the same to be excessive and unreasonable and more than the plaintiff is entitled to for the services rendered.

"That the defendant thinks and believes that $7.50 per visit would be a proper charge for visits made to the deceased while lying ill at Spreckelsville on the Island of Maui, and whereas the plaintiff has charged in his account, visits at the rate of $9.00, $11.00, $12.00, $15.00 and as high as $21.00 which this defendant believes is exorbitant and excessive and more than this defendant is warranted in paying unless by judgment of court, and whereas there appears in said account a charge of $50.00 per day made by the plaintiff for accompanying the deceased to Honolulu, for 5 days beginning Dec. 29, 1900, and ending Jan'y. 2, 1901, which this defendant believes is exorbitant and excessive and more than this defendant is warranted in paying unless by judgment of court, said charges of $50.00 per day for 5 days being unfair and unjust for the reason that immediately upon the arrival in Honolulu on the morning of Dec. 30th, 1900, the said David Center was then and there placed in the Queen's Hospital in charge of Surgeon C. B. Wood who immediately assumed charge and that the said plaintiff's services ended then

and there notwithstanding the fact that he was present as a spectator at an operation upon the said David Center at a subsequent date." In the concluding paragraph, the defendant prays, "that the claim for the amount set forth in the complaint may be denied and that the jury empanelled for hearing same may decide and fix the amount which in its opinion is properly due and payable to the said plaintiff the defendant admitting that he is entitled to proper compensation but alleging that the amount is in excess of his just rights."

Testimony was adduced showing that at the time of his death the decedent was assistant manager of the Spreckelsville plantation and was residing at Spreckelsville, ten or eleven miles distant from Wailuku, both on the Island of Maui, and that the plaintiff's home and office were at Wailuku. The answer admits that $7.50 would be reasonable compensation for each visit made at Spreckelsville and, as we construe it, admits in effect that the items of $9.00, $11.00, $12.00, $15.00 and $21.00 appearing in the account are all for visits made at Spreckelsville. Certainly the answer cannot be construed otherwise as to each of the items just mentioned except possibly the first, for the items of $11.00, $12.00, $15.00 and $21.00 appear in the account but once each. It is clear from the answer that the rendition of the services as alleged in the declaration proper and appended account, is admitted and that the defendant merely desired an adjudication by the jury as to the value of those services. The plaintiff was entitled, upon defendant's own admissions, to judgment in some amount and it was therefore error to grant a non-suit. The other exceptions need not be passed upon.

The exception considered is sustained and a new trial ordered.

*G. Hons* for plaintiff.

*J. A. Magoon* and *T. I. Dillon* for defendant.